IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**DANIEL LACEY and KATHRYN LACEY**                                  **PLAINTIFFS**

**VS.**                                                 **CIVIL ACTION NO. 3:04CV646S**

**TONY HAKIMIAN and GLASS**
**EMPORIUM, d/b/a Glass Masters**                                   **DEFENDANTS**

## ORDER

This matter came on for a bench trial on January 5, 2006, before United States Magistrate Judge Alfred G. Nicols, Jr., pursuant to a Consent to the Exercise of Jurisdiction by a United States Magistrate Judge and an Order of Referral entered by District Judge Tom S. Lee. On February 17, 2006, Judge Nicols entered Judgment for the Plaintiffs in the amount of $41,340.00, plus pre-judgment interest at the rate of 6% in the total sum of $1,364.00, and post-judgment interest at the rate of 6%. On that same day, Judge Nicols retired from his position as United States Magistrate Judge, and this matter has been reassigned to the undersigned.

The Defendant has now filed two Motions – a Motion for Judgment as a Matter of Law or, in the Alternative, Motion for a New Trial or Remittitur, and a Motion to Stay the Judgment pending consideration of the first Motion. The undersigned has reviewed the Motions, and they appear to re-argue matters that were previously considered by Judge Nicols in his Memorandum Opinion and Order of February 10, 2006, with one exception. The Defendant had argued earlier that the Plaintiffs' claims should be dismissed because Mrs. Lacey falsely testified at trial that the building formerly occupied by Glass Emporium was not currently leased, when, in fact, it had been leased to a new tenant two days before. Although the existence of the new tenant was acknowledged by Judge Nicols, and the rent to be paid by the new lessee was deducted from the damages awarded to the

Plaintiffs, the specific issue of Mrs. Lacey's testimony was not discussed. It appears, however, that Mrs. Lacey's testimony had no influence on the decision to hold the Defendant liable for unpaid rent. The existence of the new tenant was disclosed to the court prior to the entry of judgment, and the Defendant was not prejudiced by Mrs. Lacey's failure to disclose that fact at trial. Therefore, it is the opinion of the undersigned that no issue has been raised that requires this court to reverse Judge Nicols and enter a judgment as a matter of law in favor of the Defendant, or award it a new trial or a remittitur.

IT IS, THEREFORE, ORDERED that the Motion for Judgment as a Matter of Law or, in the Alternative, Motion for a New Trial or Remittitur, is hereby **denied**. The Motion to Stay the Judgment is also **denied** as moot.

IT IS SO ORDERED this the 20th day of March, 2006.

S/James C. Sumner  
UNITED STATES MAGISTRATE JUDGE
